[Cite as *State v. Slagle*, 2025-Ohio-4655.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024 CA 00096 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2024 CR 00392 |
| SARA SUE ANN SLAGLE, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 8, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JENNY WELLS, Licking County Prosecuting Attorney, KENNETH W. OSWALT, Assistant Prosecuting Attorney, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*Baldwin, P.J.*

**{¶1}** The appellant's counsel has submitted an *Anders* Brief in which he offers as a potential assignment of error whether the trial court's reference to the imposition of a one year prison sentence on each of the three counts to which she pleaded guilty, to be served consecutively, was supported by the record. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** On June 4, 2024, Licking County Sheriff's Deputy Tyler Batross filed a Criminal Complaint/Arrest Warrant, Felony containing the following Statement of Facts in support:

On May 30, 2024, Licking County Sheriff's Office was dispatched to Hirst Road, Newark, Licking County, Ohio, where the caller reported the Defendant Sara Slagle was attempting to enter the residence through a basement window. The caller, TB reported that he has a CPO against the Defendant. There is a protection order issued pursuant to RC 3113.31, effective until May 24, 2025, and served on the Defendant on May 29, 2024. Earlier in the day, Deputy J Green [sic] had served the CPO on the Defendant, and she left the residence, per the protection order, but had returned. The caller reported that the Defendant fled when he stated he was calling the police. The Defendant was captured on video attempting to enter the residence through the window as described. The Defendant was not located on this date.

On June 3, 2024, Licking County Sheriff's Office Deputies were dispatched to the Hirst Road address again, where the Defendant was violating the protection order. [C.B.] also lives at this address, and called police after he had come home and located the Defendant inside the residence, in the basement. TB reported that he was riding his dirtbike [sic] and observed the Defendant on the property, standing by his box trailer, and left to avoid her and called the police also. The Defendant's vehicle was located a short distance away, but greater than 500 feet, parked, with a note requesting "please don't tow." The keys left in the basement, reportedly by the Defendant, unlocked the vehicle. The vehicle was towed. The Defendant was unable to be located on this date as well.

The Defendant has previously had been convicted of Violating a Protection Order in the Licking County Municipal Court case no. [sic] 19CRB1552.

The appellant made an initial appearance on June 5, 2024, during which the trial court provided the appellant with an application for appointed counsel, set bail at $50,000.00 cash or surety bond with a number of additional conditions for bail, and scheduled a second bail hearing for June 7, 2024. The appellant was represented by appointed counsel during the second bail hearing; she was released on personal recognizance with conditions, including completion of drug and mental health assessments, no contact with the victim, and GPS monitoring.

{¶3} On June 13, 2024, the appellant was indicted on the following charges:

- Count One, Violating a Protection Order in violation of R.C. 2919.27(A)(1), a felony of the third degree;

- Count Two, Attempted Trespass in a Habitation in violation of R.C. 2923.02 and 2911.12(B), a felony of the fifth degree;

- Count Three, Violating a Protection Order in violation of R.C. 2919.27(A)(1), a felony of the fifth degree;

- Count Four, Violating a Protection Order in violation of R.C. 2919.27(A)(1), a felony of the third degree;

- Count Five, Trespass in a Habitation in violation of R.C. 2911.12(B), a felony of the fourth degree; and,

- Count Six, Violating a Protection Order in violation of R.C. 2919.27(A)(1), a felony of the fifth degree.

The appellant pleaded not guilty to all charges at her July 2, 2024, arraignment. A probable cause hearing was conducted on July 9, 2024, at which the trial court found probable cause for the appellant's arrest. The appellee filed a Bill of Particulars on July 24, 2024, confirming the above charges. The appellant violated the terms of her bond on at least two occasions.

{¶4} The matter was scheduled for trial on September 25, 2024. On September 17, 2024, the appellant filed a Motion to Schedule Change of Plea, advising the trial court that she intended to change her plea pursuant to a plea agreement with the appellee.

{¶5} On November 1, 2024, the trial court conducted a change of plea hearing at which the appellant pleaded guilty to Counts One, Three, and Five of the Indictment, and the appellee agreed to dismiss Counts Two, Four, and Six of the Indictment. The trial court engaged in the requisite Crim.R. 11 colloquy, and then proceeded to sentencing. The court sentenced the appellant to three years of community control. As part of the terms of community control, the trial court imposed a term of ninety days in the Licking County Justice Center, with credit for sixteen days served. The trial court advised the appellant that if she violated the terms of her community control it would impose a sentence of one year in prison on Count One, one year in prison on Count Three, and one year in prison on Count Five, and that the sentences would be ordered to be served consecutively, for a total aggregate sentence of three years in prison.

{¶6} The appellant filed a timely appeal, and her counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he sets forth the following potential assignment of error: "[w]hether the portion of trial court's sentence, reserving the imposition of 1-year prison sentences on each of Counts One, Three, and Five, to be

served consecutively to one another, for a total aggregate sentence of 3 years in prison, was plain error, given that the trial court's findings pursuant to R.C. 2929.14(C)(4) were not supported by the record, and that [the appellant] had no prior felony convictions and had been drug testing negative for approximately 2 1/2 months prior to [the appellant's] plea and sentencing hearing."

## STANDARD OF REVIEW

{¶7} The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id*.

{¶8} Attorney Brian A. Smith, the appellant's appellate counsel, filed an *Anders* brief on March 10, 2025, informing this Court that he had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Smith requested that this Court make an independent review of the record to determine

whether there are any additional issues that would support an appeal, and moved the court for permission to withdraw as counsel for the appellant "on the grounds that the appeal is frivolous." He served a copy of the Appellant's *Anders* Brief upon the appellant with instructions that she may file her own brief with this Court if she so wished.

{¶9} This Court informed the appellant in a May 16, 2025, Judgment Entry that the Court received notice she had been informed by her attorney that an *Anders* brief had been filed on her behalf and provided notice that supplied the appellant with a copy. In addition, this Court granted the appellant sixty days from the date of the entry to file a pro se brief in support of her appeal.

{¶10} Attorney Smith filed a separate Motion to Withdraw on May 21, 2025, in which he moved for an order withdrawing him as counsel in this matter, and further stated that he had provided the appellant with all required files and upcoming dates and deadlines, and that all other steps had been taken to protect the appellant's interests in this matter.

{¶11} The appellant did not file a pro se brief.

{¶12} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for

reversal.' *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

### ANALYSIS

{¶13} Appellate counsel submits as a potential assignment of error that the trial court erred when it referred to the potential imposition of a one year prison sentence on each of the three counts to which the appellant pleaded guilty if she failed to comply with the terms of her community control and ordered that said terms, if imposed, would be served consecutively, for an aggregate sentence of three years. Appellate counsel submits that the potential imposition of consecutive sentences may not be supported by the record. We disagree.

{¶14} An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

**{¶15}** The issue of consecutive sentences was discussed by the Ohio Supreme Court in the seminal case of *State v. Bonnell*, 2014-Ohio-3177:

On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id.* at ¶ 28. The issue was subsequently addressed by this Court in *State v. Corbett,* 2023-Ohio-556 (5th Dist.):

We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.

R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing

court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.

Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Id.* at ¶24-26.

**{¶16}** R.C. 2929.14 specifically addresses the imposition of consecutive sentences at subsection (C)(4):

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} This language was applied in *Corbett,* supra, in which we stated:

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, 2021 WL 2628079, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that

the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."

*Id.* at ¶ 37.

*Id.* at ¶28.

{¶18} Appellate counsel sets forth as potential error the trial court's order that the appellant's potential one year term of imprisonment on each of the three counts to which she pleaded guilty be served consecutively, and submits that the potential imposition of consecutive sentences may be in contravention of R.C. 2929.14(C)(4). We disagree. Our review of the record establishes that, in the event the appellant violates the terms of her community control and the three-year aggregate sentence is imposed, the trial court made the findings required by R.C. 2929.14(C)(4). The trial court specifically found that consecutive sentences, if imposed, would be necessary to protect the public and punish the appellant, would not be disproportionate to the seriousness of the appellant's conduct and the danger she poses to the public, and would be appropriate in light of the appellant's criminal history. The trial court stated:

THE COURT:    Fair enough.

Ms. Slagle, the Court's [sic] considered the purposes and principles of sentencing set out under section 2929.11 as well as the seriousness and recidivism factors set out under Section 2929.12. And part of the problem is

that every time you've been arrested over the last - - jiminy - - 15 years, you know, nothing happened to you. Diversion on your disorderly conduct; violating a protection from '19 dismissed; fines on violating a protection order in 2019; disorderly conduct, 30 days in jail suspended; assault, 14 days in jail. You would think that would have gotten you to figure it out. Another disorderly conduct with jail suspended. Another disorderly conduct last year. Holy cow. You've been a walking nightmare. And then on your pretrial release, you can't stay away. You can't stay off drugs. You can't figure out how to charge your GPS. Good Lord. You need - - if it's an emotional thing you need to learn how to control your emotions. And if you can't, then that's what incarceration is for so that we can be protected from people who can't control their emotions.

Well, on that basis today - - Ms. Slagle, I'll impose a term of three years of community control here today. I'll order that - - I'll impose a 90 day jail sentence. During your period of supervision, you will remain subject to drug and alcohol monitoring, which means you're subject to being tested anytime or anyplace or anywhere by anyone. You simply cannot have a positive test result or refusal. You will need to attend drug or alcohol treatment program [sic] and mental health treatment program [sic] until you are released in writing. You could have some other restrictions on your lifestyle, such as where you live, who you live with, who you associate it [sic], electronic monitoring or a curfew. You need to maintain some employment. You cannot have alcoholic beverages or drugs of abuse

anywhere where you're located or be anywhere where they are, and you need to go to as many meetings as may be recommended by your supervising probation officer or treatment program provider. You need to follow the usual terms and conditions set forth by Court Services for people who are subject to supervision. The civil protection order which you have been found in violation of continues until May 24 of 2029. You need to comply with that. You need to reimburse Court Services for the costs of supervision in the amount of $400, pay the costs associated with any program you need to go to as well as other court costs or costs of prosecution.

If you're unable to follow through with those terms and conditions, I would impose a term of one year in the state penitentiary on Counts 1, 3 and 5 and order they run consecutively for a three year prison sentence after which you could be placed on a period of up to two years of post-release control.

\*       \*       \*

I find consecutive sentences are not disproportionate to the seriousness of your conduct or to the danger that you pose to the public, and, further, that your criminal history necessitates consecutive findings.

**{¶19}** The trial court thus found that, in the event the appellant violates the terms of her community control, consecutive sentences would be necessary to punish the appellant, and further found that consecutive sentences would not be disproportionate to the seriousness of the appellant's conduct and the danger she poses to the public. These

findings were also set forth in the trial court's November 1, 2024, Judgment Entry regarding the appellant's plea and sentence.

{¶20} "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, supra, at ¶ 29. In the case sub judice, the record establishes that the trial court made the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing, and incorporated said findings into its sentencing entry. The record clearly supports the trial court's findings regarding sentencing, and the potential imposition of consecutive sentences in the event the appellant violates the terms of her community control.

## CONCLUSION

{¶21} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that there are no non-frivolous claims which exist that would justify remand or review of the appellant's conviction or sentence. We find the appeal to be wholly frivolous under *Anders.* Attorney Smith's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Licking County Court of Common Pleas is hereby affirmed.

{¶22} Costs to Appellant.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.